United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NDEYE FATOU MBENGUE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05120** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| **Respondents.** | § | |

**MEMORANDUM & ORDER**

Before the Court is *Pro Se* Petitioner Ndeye Fatou Mbengue's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Petitioner Ndeye Fatou Mbengue is a citizen of Senegal who entered the United States without inspection in 2024. ECF No. 1 at ¶¶ 27-28. On January 2, 2025, Petitioner was served with a Notice to Appear in removal proceedings before an immigration judge (IJ). ECF No. 8, Ex. 3 (Notice to Appear). She was charged with being an alien present in the United States who has not been admitted or paroled. *Id.* On January 6, 2025, the Department of Homeland Security (DHS) determined that Petitioner should be detained pursuant to section 236 of the Immigration and Nationality Act (8 U.S.C. 1226(a)). ECF No. 8, Ex. 1. Petitioner requested review of this custody determination by an IJ, and on February 13, 2025, Immigration Judge Nicolas Orechwa ordered

Petitioner released from custody on an $8,000 bond. *Id.* Petitioner posted bond on February 25, 2025, and was released from custody. ECF No. 8, Ex. 4.

In the more than sixteen months since her release, Petitioner has regularly attended all immigration court hearings and check-ins with Immigrations and Customs Enforcement (ICE). ECF No. 1 at ¶¶ 29-31. Nonetheless, on May 4, 2026, ICE re-arrested Petitioner at her regularly scheduled check-in appointment and taken into custody. *Id.* at ¶ 31. Petitioner was arrested pursuant to a warrant which stated that there was probable cause to believe that Petitioner was removable from the United States. ECF No. 8, Ex. 3. Two days later, on May 6, DHS issued a notice that Petitioner's bond had been cancelled. ECF No. 8, Ex. 4. The notice is not signed, and no reason is provided. *Id.*

## II. ANALYSIS

Petitioner argues that her re-detention violates her Fifth Amendment right to due process of law. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Because she has been detained for fewer than 90 days, the Government argues that her detention without a bond hearing is lawful under *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). The Court agrees with Petitioner that the arbitrary revocation of her previous release on bond violates her Fifth Amendment right to procedural due process.

The Court has previously addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) or similar release order without proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right

to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

In *Sosnava Rodriguez*, the Fifth Circuit held that the Government may not constitutionally detain noncitizens under § 1225(b)(2) for more than 90 days without providing an opportunity for an individualized bond hearing. 2026 WL 1906557, at *16. But that case dealt with noncitizens who had never before been arrested or detained by ICE and had never been previously ordered released by an Immigration Judge. Petitioner's circumstances are materially different: she has already had a bond hearing before a neutral decisionmaker and that decisionmaker determined that she should be released on bond because she did not pose a risk of danger or flight. The Government then revoked this bond arbitrarily—without any change in Petitioner's individual circumstances and without providing Petitioner with any notice or opportunity to contest the revocation her of release. "The government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the. . . conditions of release." *Betancourth*, 822 F. Supp. 3d at 767 (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "To revoke that promise arbitrarily—without process and with no allegation of changed circumstances or violation by Petitioner—is fundamentally unfair."[1] *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

[1] The Court has previously rejected the argument that the Government may avoid the due process clause merely because the applicable regulations permit the arbitrary revocation of bond. *See Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation).

*Sosnava Rodriguez*, which dealt with the constitutional limits of detention under § 1225(b)(2) in the first instance, is therefore not applicable to noncitizens like Petitioner, who were previously ordered released from ICE custody on bond. The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her of the time and place of release **no less than three hours** prior. Respondents must allow Petitioner an opportunity to contact a friend or family member prior to her release if requested.
3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 13, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 9, 2026.

Keith P. Ellison
United States District Judge